Louis Lukin, Appellant, *v.* National Fire and Marine Insurance Company, Respondent.

First Department, June 11, 1943..

*Jacob I. Smith* of counsel (*William W. Conrad,* attorney), for appellant.

*Bert Cotton* of counsel (*Rein & Cotton,* attorneys), for respondent.

Townley, J. On May 22, 1941, the defendant issued to the plaintiff a policy of automobile insurance containing a theft clause. The plaintiff was at all times the owner of the automobile described in the policy. From May 22, 1941, to July 21,

1941, plaintiff kept his automobile on an open lot near his home for which he paid no rent. The lot was unfenced and there was no attendant in charge of the lot at any time. Plaintiff locked his automobile each time he left it on the lot but it was not otherwise protected. On the night of July 21, 1941, plaintiff left it on the vacant lot as usual and locked the doors of the car. The next morning it was gone and he has not seen it since.

Section III, subdivision 5, of the policy provides: " Garage Location: The Automobile will be garaged for the greater part of the policy period in the City or Town of Insured's address, unless otherwise stated herein: Bronx, New York."

The defendant contends that this statement requires that the automobile be kept, when not in use, in a covered-locked garage. The plaintiff contends that the statement to the effect that the automobile will be garaged for the greater part of the policy period in The Bronx, New York, amounts to a description of the geographical location in which the car will be found during the greater part of the term of the policy and that there is no promise to store the car in any particular place either covered or uncovered or open or closed.

It is well known that the premium rates governing policies of automobile insurance depend upon the geographical location in which the automobile is commonly used. The custom has grown up of calling that geographical location the garage location. It is self-evident that the mere statement that the car will be garaged in The Bronx, New York, is not a representation that an automobile must be kept in a covered-locked garage whenever it is not in use. Of course, it sometimes occurs in policies of automobile insurance that there is a warranty that a car will be stored in a particular place. No such provision appears in this policy nor is there any hint in this submission that there is any understanding among automobile users that if a car is left on the street or in an empty lot overnight, it is no longer covered by theft insurance in the absence of some special warranty.

The " greater part of the policy period " expired November 23, 1941, six months and one day after the commencement date of the policy. The loss occurred two months after the said commencement date so that in no event had the greater part of the policy period elapsed at the time of the loss. Thus, even on the defendant's theory, subdivision " 5 " would not have been violated at the time of the occurrence of this theft.

The determination of the Appellate Term should be reversed and the judgment of the Municipal Court affirmed, with costs to the plaintiff in this court and in the Appellate Term.

MARTIN, P. J., UNTERMYER, DORE and CALLAHAN, JJ., concur.

Determination of the Appellate Term unanimously reversed and the judgment of the Municipal Court affirmed, with costs to the plaintiff in this court and in the Appellate Term.